UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM G.,<br><br>                        Plaintiff,<br><br>   v.<br><br>ANDREW M. SAUL,<br>  Commissioner of Social Security,<br><br>                       Defendant. | CASE NO. C19-1346-MAT<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1971.[1] He has a GED, and has worked as a cook, customer

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

service representative, and sales manager for an industrial supply company. (AR 51, 344.)

Plaintiff applied for DIB and SSI in February 2016. (AR 313-24.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 209-33, 236-59.)

On July 17, 2018, ALJ Tom Morris held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 48-93.) On November 19, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 16-41.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on June 26, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since May 24, 2014, the alleged onset date. (AR 19.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's reconstructive surgery of weight bearing joint (left knee) subsequent to traumatic fracture; degenerative disc disease; osteoarthritis and allied disorders; essential hypertension; affective disorders; anxiety disorder; and polysubstance abuse disorder. (AR 19-30.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment.

(AR 30-32.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing sedentary work, with the following additional limitations: he can frequently push/pull with the lower extremities.  He can occasionally balance, stoop, and climb ramps or stairs.  He cannot kneel, crouch, or climb ladders, ropes, or scaffolds.  He can frequently bilaterally handle and reach overhead.  He must avoid concentrated exposure to extreme cold, and avoid even moderate exposure to vibrations and hazards (such as dangerous machinery or unprotected heights).  He can perform simple and repetitive tasks and some learned complex tasks.  He can work in two-hour intervals to complete a normal workweek/workday.  He can have superficial contact with the general public and co-workers.  He can be aware of normal workplace hazards and can take appropriate precautions and travel independently to and from a job site.  He is unable to perform at a production rate pace, but can perform goal-oriented work or work where he has more control over the pace.  He may be off-task up to 10% over the course of a workday.  He may need to use a cane.  (AR 32-33.)  With that assessment, the ALJ found Plaintiff unable to perform past relevant work.  (AR 39.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as table worker, touch-up screener, and printed-layout taper.  (AR 40-41.)

This Court's review of the ALJ's decision is limited to whether the decision is in

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) finding that he did not meet a listing at step three, (2) discounting his subjective symptom testimony, and (3) assessing certain medical opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Step three

Plaintiff contends that the ALJ erred in finding that his degenerative disc disease does not meet or equal Listing 1.04A. Dkt. 10 at 13-15. He also claims that the ALJ erred in failing to consider all of his impairments in combination when assessing his ability to concentrate and adapt/manage himself, for purposes of analyzing whether his mental impairments satisfy a listing. Dkt. 10 at 15-16.

Listing 1.04A

Listing 1.04A applies to spinal disorders that result in compromise of a nerve root or the spinal cord, with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)[.]" 20 C.F.R. Pt. 404, Subpt.

P, App. 1, § 1.04A.

To meet a listing, an impairment "must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v. Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999) (emphasis in original); 20 C.F.R. § 416.926(a). Equivalency also requires "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531 (emphasis in original). The equivalence finding must be based on medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). Plaintiff bears the burden of proof at step three. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

In this case, the ALJ found that Plaintiff's back impairment fails to satisfy Listing 1.04 because the record contained "insufficient evidence of severe spondylosis, spondylothesis, arthropathy, or an inability to ambulate effectively as defined by Section 1.00B2b." (AR 31.) As Plaintiff notes (Dkt. 10 at 14) and the Commissioner concedes (Dkt. 11 at 16), the ALJ's references to spondylosis, spondylothesis, and arthropathy are misplaced, because none of those findings pertain to any section of Listing 1.04. The ALJ's reference to an inability to ambulate is relevant to 1.04C, but Plaintiff does not challenge the ALJ's step-three findings with respect to that listing.

Because the ALJ apparently considered the wrong listing elements when finding that Plaintiff did not meet or equal Listing 1.04, the Court finds that a remand is appropriate to permit the ALJ to consider the correct criteria in the first instance. On remand, the ALJ should also take the opportunity to consider all of Plaintiff's physical and mental impairments in combination, when addressing the "paragraph B" criteria relevant to an assessment of the listings for mental impairments. *See* Dkt. 10 at 15-16.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

Subjective symptom testimony

The ALJ discounted Plaintiff's subjective allegations for a number of reasons, including (1) his allegations of a need to change position were not corroborated by the record, (2) the treatment record did not consistently corroborate the knee and back limitations Plaintiff alleged, (3) Plaintiff's activities (including exercise and traveling to investigate a part-time job) suggest his pain was not as limiting as he alleged, (4) the record suggested that some of Plaintiff's pain was rebound pain caused by his chemical dependency rather than his impairments, and (5) Plaintiff's mental limitations were exacerbated by situational stressors such as homelessness and grief after the death of family members. (AR 33-37.)  Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues that the ALJ's findings regarding the medical record do not explain how the cited records undermine his allegations, and thus fail to support the ALJ's conclusion. Dkt. 10 at 10 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015)).  This argument is not persuasive: the ALJ pointed out, for example, that although Plaintiff alleged that he needed to change positions often, the record contained evidence showing no problems with sitting. (AR 33.) The ALJ also noted how Plaintiff alleged knee and lumbar spine restrictions, but the record did not consistently corroborate those, and on several occasions indicated that Plaintiff had no acute issues in either area. (AR 34.)  The Court finds that the ALJ did not simply meander through a discussion of the medical evidence, but instead provided specific examples showing how the medical evidence contradicted Plaintiff's claims. *Cf. Brown-Hunter*, 806 F.3d at 494.

Next, Plaintiff argues that the ALJ erred in discounting his allegations based on a lack of corroboration in the medical record, because this reasoning is not sufficient to solely support the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

ALJ's conclusion. Dkt. 10 at 11. But the ALJ did not solely rely on a lack of corroboration in the medical record, and the ALJ did not err in referencing the medical evidence along with other reasons. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also challenges the ALJ's finding that although his "'impairments are numerous and severe, the undersigned failed to see the evidence indicating greater limitations than those outlined in the [RFC] assessment.'" Dkt. 10 at 11 (quoting AR 33). This statement does not stand alone, however: it is part of an introductory paragraph to the ALJ's findings regarding Plaintiff's allegations. (AR 33-37.) The ALJ went on to explain the reasons undergirding that introductory conclusion, which demonstrates that the ALJ did not simply discount Plaintiff's allegations as inconsistent with the RFC, as claimed by Plaintiff.

Plaintiff also asserts that the ALJ cited parts of the record indicating that Plaintiff experienced improvement with medication, and Plaintiff contends that his improvement was only short-lived and thus the ALJ overstated the extent of his improvement. Dkt. 10 at 12 (citing AR 33-37). The Court's review of the ALJ's discussion of Plaintiff's allegations makes only one limited reference to Plaintiff's improvement with medication: the ALJ cited evidence that a provider speculated that Plaintiff's mood may have been stabilized through medication, but could not be sure. (AR 36.) This reference does not constitute the overstatement complained of by Plaintiff.

Lastly, Plaintiff argues that the ALJ erred in failing to consider Plaintiff's idiosyncratic response to pain, which may have been exacerbated by his depression and anxiety. Dkt. 10 at 12.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

Plaintiff cites no evidence suggesting this, and does not identify any evidence that the ALJ failed to consider when assessing Plaintiff's pain allegations. As a result, the Court rejects Plaintiff's conclusory suggestion of error in this aspect of the ALJ's decision.

Because Plaintiff has failed to show that the ALJ's reasons are not clear and convincing, the Court affirms this portion of the ALJ's decision.

Medical evidence

Plaintiff challenges the ALJ's assessment of a number of medical opinions, each of which the Court will address in turn.

<u>Legal standards</u>

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

<u>Geordie Knapp, Psy.D.</u>

Dr. Knapp examined Plaintiff in June 2015 and completed a DSHS form opinion describing his symptoms and limitations. (AR 412-16.) The ALJ indicated that he gave little weight to Dr. Knapp's opinion because it was written

> between the date last insured of March 31, 2015[,] and the filing date of February 12, 2016. As a result, it is for a period not covered by either of the (DIB or SSI) claims and is not relevant to the decision. Nothing in the report/evaluation outlines as specific assessment of the claimant's functional capacity. Nor are there any findings to indicate the need for restrictions greater than those imposed by the [RFC].

(AR 39.)

Plaintiff argues that the timing of Dr. Knapp's opinion is not a legitimate reason to discount it because the limitations Dr. Knapp described have persisted into the adjudicated period, and because the application date is not connected to Plaintiff's disability. Dkt. 10 at 6. The Commissioner concedes that this line of the ALJ's reasoning is not alone a sufficient reason to support the ALJ's discounting of Dr. Knapp's opinion (Dkt. 11 at 6), and thus the Court proceeds on to examine the remainder of the ALJ's reasoning.

As explained above, the ALJ found that Dr. Knapp's opinion was not particularly specific as to Plaintiff's RFC, and that nothing in Dr. Knapp's opinion was inconsistent with the ALJ's RFC assessment. (AR 39.) Indeed, most of Dr. Knapp's opinion indicates that Plaintiff had no limitations or only mild limitations, except that Dr. Knapp opined that Plaintiff would have moderate limitations in adapting to changes in a routine work setting and would have severe limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision. (AR 414.) The Commissioner contends that the ALJ's RFC assessment adequately addresses the limitations noted by Dr. Knapp (Dkt. 11 at 7-8), by limiting Plaintiff to performing simple, repetitive, and some learned complex tasks (not at production pace), in two-hour intervals, with only superficial contact with the general public and co-workers, being up to 10% off-task during a workday. (AR 32-33.)

In his reply brief, Plaintiff argues that the ALJ's RFC assessment does not account for the moderate and severe limitations identified by Dr. Knapp, but does not explain why the mental limitations included in the ALJ's RFC assessment are insufficient to account for Dr. Knapp's opinion, contrary to the Commissioner's argument. Dkt. 12 at 2-3. Indeed, the State agency reviewers considered Dr. Knapp's opinion and translated that opinion and the remainder of the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

available medical record into limitations similar to those found by the ALJ. (*See* AR 196, 202-04.) Without explaining how the ALJ's RFC assessment is inconsistent with Dr. Knapp's, Plaintiff has not satisfied his burden to show harmful error in the ALJ's assessment of the opinion.

Karin Oltyan, M.D.

Dr. Oltyan, Plaintiff's treating physician, completed a form medical source statement describing Plaintiff's workplace limitations in March 2016. (AR 469-71.) The ALJ gave "[s]ome, but limited" weight to this opinion. (AR 38.) The ALJ noted that Dr. Oltyan opined that *inter alia* Plaintiff would miss more than five days of work per month and would need to leave early more than five days per month, and would require extra unscheduled breaks 4-5 days per month. (AR 38 (referencing AR 470).) The ALJ found that these portions of Dr. Oltyan's opinion were unexplained, although the doctor did opine that Plaintiff's pain had a marked impact on his ability to maintain pace and a moderate impact on his ability to concentrate. (AR 38.) The ALJ found this portion of Dr. Oltyan's opinion to be inconsistent with Plaintiff's appearing focused during appointments. (*Id.*) The ALJ also noted that although Dr. Oltyan opined that Plaintiff could sit for less than two hours per day (AR 469), the record showed he had no discomfort with sitting for extended periods of time. (AR 38.) The ALJ went on to observe that Dr. Oltyan's opinion does not address postural, manipulative, or environmental limitations. (*Id.*) The ALJ concluded that Dr. Oltyan's opinion should be discounted in light of the inconsistencies between Dr. Oltyan's opinion and the record, as well as her failure to explain "the more extreme limitations (excessive absences)[.]" (*Id.*)

Plaintiff argues that the ALJ erred in finding Dr. Oltyan's opinion to be unexplained, because the ALJ should have looked to Dr. Oltyan's treatment notes to consider whether those explained the basis for Dr. Oltyan's opinion. Dkt. 10 at 8. Plaintiff points to no particular portion

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

of Dr. Oltyan's treatment notes that refers to absenteeism concerns, however, and therefore has failed to show that Dr. Oltyan's notes indeed corroborate her opinion.

Plaintiff goes on to suggest that the ALJ erred in discounting Dr. Oltyan's opinion based on a lack of objective evidence (Dkt. 10 at 8), but the ALJ did not cite this as a reason to discount Dr. Oltyan's opinion. Instead, the ALJ pointed to specific inconsistencies, as well as a lack of explanation, as reasons to discount Dr. Oltyan's opinion, and Plaintiff has not shown error in those stated reasons. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Kathleen Andersen, M.D.

Dr. Andersen performed a psychiatric examination of Plaintiff in October 2016 and wrote a narrative report describing his symptoms and limitations. (AR 1060-66.) Dr. Andersen opined, in pertinent part:

> In a work setting, related to low energy, psychomotor retardation, insomnia, impaired concentration, he would likely have marked difficulty focusing on tasks, persisting at tasks, completing tasks in a timely fashion. Related to depression, discomfort in groups of people, frequent panic attacks, depressed mood, anhedonia, he would likely have marked difficulty interacting consistently with others in the workplace. Judgement would likely be within normal limits. Problem solving ability would be within normal limits. He would be able to learn and remember at least simple, straightforward tasks. He does have marketable skills. He gives a history of at least several periods of extended employment with one employer. If his symptoms were brought under better control, he may be able to return to work, at least from a mental health perspective. Though he can manage his own funds, it would appear that at least some of these funds would go toward the purchase of marijuana.

(AR 1065-66.) The ALJ gave "[s]ome, but slightly lesser" weight to Dr. Andersen's opinion,

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

noting that although Dr. Andersen diagnosed bipolar disorder, the ALJ found "insufficient evidence documenting the claimant's manic episodes. His presentation to Dr. Anders[e]n and other providers is more consistent with depressive disorder[.]" (AR 38.) The ALJ also found that Dr. Andersen did not explain the basis for her opinion that Plaintiff would have marked difficulties with focusing and persisting on tasks, and in interacting with others, and found that these conclusions were inconsistent with Plaintiff's ability to use public transportation, maintain good grooming and hygiene despite his homeless status, and his attentive presentation with organized thoughts. (AR 39.) Despite the ALJ's discounting of Dr. Andersen's conclusions, the ALJ noted that his RFC assessment does include some cognitive and social limitations. (*Id*.)

Plaintiff argues that contrary to the ALJ's findings, Dr. Andersen "provided a comprehensive explanation as to why she was finding the marked limitations she assessed[.]" Dkt. 10 at 7 (citing AR 1065-66.). Indeed, Dr. Andersen did cite Plaintiff's low energy, psychomotor retardation, insomnia, and impaired concentration as support for her conclusions regarding Plaintiff's cognitive limitations, and cited Plaintiff's depression, discomfort with groups of people, frequent panic attacks, and anhedonia as the basis for her conclusions regarding Plaintiff's social limitations. (AR 1065-66.) Thus, the Court finds that the ALJ's finding that Dr. Andersen's conclusions were unexplained is not supported by substantial evidence.

Although the ALJ did go on to provide another reason to discount Dr. Andersen's conclusions (AR 39), because this case must be remanded on the step-three error discussed above, the ALJ should also reconsider Dr. Andersen's opinion on remand.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ should reconsider the step-three findings as well

as Dr. Andersen's opinion.

DATED this <u>16th</u> day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 13